IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JONATHAN SILVER-SKY, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Defendant. | CV-23-3-H-SEH <br><br><br> ORDER |

Plaintiff Jonathan Silver-Sky ("Silver-Sky") has filed a document in this Court captioned "Question of Dissolution Judgment in Rem".[1] His Complaint fails to state a claim for federal relief and will be dismissed.

## STATEMENT OF THE CASE

Silver-Sky is a prisoner incarcerated at Montana State Prison ("MSP"). His Complaint seeks "judicial clarification" of Silver-Sky's Nevada divorce decree.[2]

## SCREENING UNDER 28 U.S.C. §§ 1915, 1915A

The Court will review Silver-Sky's Complaint under 28 U.S.C. §§ 1915 and 1915A, which require the Court to dismiss the complaint in this case if it is

---

[1] Doc. 2.
[2] Doc. 2 at 1.

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[3] The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] The allegations must cross "the line from conceivable to plausible."[5]

A two-step procedure determines whether a complaint's allegations cross the proscribed line.[6] "[A]llegations in the complaint that are not entitled to the assumption of truth"[7] must be identified. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.[8] The line between probability and the possibility of relief is not crossed if the facts pled are merely consistent with a defendant's liability.[9]

---

[3] Fed. R. Civ. P. 8(a)(2).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[5] *Id.* at 680.
[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Iqbal*, 556 U.S. 662.
[7] *Iqbal*, 556 U.S. at 679, 680.
[8] *Id.* at 679, 681.
[9] *Id.* at 678.

2

Pro se filings are "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[10] The Court must also determine whether the complaint states a "plausible" claim for relief.[11] A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## ANALYSIS

The Complaint in this case does not assert claims upon which relief can be granted. It will be dismissed.

Silver-Sky seeks an interpretation of a Nevada state legal document. He cites the Assimilative Crimes Act, 18 U.S.C. § 13, as grounds for jurisdiction.[13] The statute applies to persons who commit crimes within "places" described in 18 U.S.C. § 7.[14] Any federal jurisdiction under that statute does not apply to Silver-Sky's action, which is not related to a crime. Subject-matter jurisdiction of federal

---

[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").
[11] *Iqbal*, 556 U.S. at 679.
[12] *Id.* at 678.
[13] Doc. 2 at 1.
[14] *See* Title 18 U.S.C. § 13(a).

3

courts is limited to justiciable "cases" and "controversies."[15] The Court has no jurisdiction over Silver-Star's action to interpret a Nevada divorce decree.

The State of Montana is immune from suit in this Court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[16] Absent a waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court."[17]

**ORDERED:**

1. This matter is **DISMISSED** for failure to state a federal claim.

2. The Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

---

[15] U.S. Const. art. III, § 2.
[16] U.S. Const. amend. XI; see *Edelman v. Jordan*, 415 U.S. 651, 664 (1974).
[17] *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

DATED this 6th day of March, 2023.

*Sam E. Haddon*
Sam E. Haddon
United States District Court